**Mabel L. BEELER, Appellant,**

v.

**Arthur H. BEELER, Appellee.**

**No. 6575.**

Court of Civil Appeals of Texas.

Beaumont.

Nov. 15, 1962.

Rehearing Denied Dec. 12, 1962.

Patterson, McDaniel & Moore, Houston, for appellant.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, Ross Hightower, Livingston, for appellee.

McNEILL, Justice.

This suit for divorce and partition of community property was instituted by appellee against appellant. Appellant filed her cross action seeking divorce against appellee and for partition or other disposition of the property of the parties "according to the court's instructions." By supplemental petition, appellee alleged that certain real and personal property was his in his separate right and prayed that it be set aside to him.

The cause was tried by the court and judgment was rendered granting appellant a divorce and partitioning certain personal community property. The court also awarded to appellee, as his separate property, the home of the parties consisting of about 18 acres of land and dwelling thereon near Livingston in Polk County, and a vendor's lien note representing the balance owing on the sale of appellee's 425 acre ranch in Austin County.

Appellant asserts that the trial court erred in holding that the homestead of the parties was appellee's separate property, and in holding that the balance owing on the vendor's lien note on the 425 acre tract was his separate property.

The facts as to these two items of property follow. The parties married in 1956. At this time appellee owned the 425 acre ranch and a small herd of cattle thereon. They lived on this ranch from time of marriage for about 17 months. On September 12, 1957, this ranch was sold by the parties to W. O. Huggins, Jr. for $50,000.00, of which sum $16,275.00 was cash and the balance of $33,725.00 was represented by a vendor's lien note, payable in 10 yearly installments, the first of which became due September 12, 1958. This note bears interest at the rate of 5% per annum payable annually in addition to principal installment. Included in the sale was the herd of cattle.

Appellant claims that in the first 17 months of their marriage calves were born to the cows in the herd on the ranch and that improvements were made upon the place and, therefore, the note was their community property. The trial court filed findings of fact and among these was the

finding that a few calves were born to the cows owned by appellee prior to the marriage, but the exact number and approximate value at the time of sale of the ranch was not established in the evidence. He further found that no material improvements were placed upon the ranch which enhanced the value of the property, and that the improvements were in the nature of general maintenance. In view of these findings, we hold the trial court was correct in awarding appellee the vendor's lien note upon the ground that it was his separate property. Norris v. Vaughan, 152 Tex. 491, 260 S.W.2d 676.

■ Upon the day that the ranch was sold and the note above described executed, appellee obtained a loan in the amount of $15,000 from the Austin County State Bank. This loan was represented by a note executed by appellee and appellant, and was payable to the bank in six annual installments of $2,500.00 each which would make the installments fall due on the same day and month of each year for six years as the installments on the vendor's lien note for the sale of the ranch fell due. It was shown that the bank required appellant's signature on the note and that the Huggins vendor's lien note was assigned by appellee to the bank as collateral security for the payment of the $15,000 note.

With $9,000.00 of the $16,275.00 cash consideration paid appellee for the farm, and the $15,000 borrowed from the bank, the home consisting of some 18 acres of land near Livingston was bought by appellee and appellant. The deed recited a cash consideration paid by them and was made to them as grantees.

Since this 18 acre tract was conveyed to the parties during marriage, it is presumptively community property. However, $9,000.00 of the consideration paid for the property was appellee's separate property. His separate estate, therefore, owns a $9/24$th interest therein. Appellant insists that at least $15/24$ths of the purchase price of the Polk County home is community property.

This, because her signature was required on the note and because there was no agreement existing between the Austin County Bank and the makers of the note that the money loaned was to be the separate property of appellee, and that the bank would look to appellee's separate estate for payment of the note. The trial court has found that while the community estate was secondarily liable for payment of the note, there was no reasonable possibility that a resort to the community estate of the parties would ever have been necessary to obtain repayment of the loan. We hold that this is not equivalent to the requirement that in order that the title represented by the money borrowed from the bank would constitute the separate estate of appellee, that it was agreed at the time that such title would be his separate property, and that the bank would look *only* to his separate estate for satisfaction of the deferred payments. This is the test, as we understand it, set out in Gleich v. Bongio, 128 Tex. 606, 99 S.W.2d 881. To the same effect is Solether v. Trinity Fire Ins. Co., 124 Tex. 363, 78 S.W.2d 180.

Appellee relies upon Sparks v. Taylor, 99 Tex. 411, 90 S.W. 485, 6 L.R.A.,N.S., 381, to sustain the trial court's finding and conclusion of law that the full title to the 18 acre homestead was appellee's separate property. He says that the Gleich and Solether cases involved third-party creditors and the reason for the rule as stated in them is to prevent a fraud on creditors by an alleged agreement between spouses. Those cases did involve rights of creditors in connection with the affairs of the marital partnership. However, Goodloe v. Williams, Tex.Civ.App., 302 S.W.2d 235 (W. R.), was a case between the heirs of the husband and wife and did in no sense involve creditors. C. J. Chadick for the court in that case cited both the Gleich and Solether cases for the holding that in order for deferred payments upon the purchase of real estate during marriage to create separate property of one of the spouses, it must have been agreed at the time of

the purchase between the parties to the deed that the land was to be the separate property of one of the spouses and that the deferred payments should be paid out of that spouse's separate funds. See interesting comment on problem, 21 Texas Law Review, 38–41. Since writ of error was denied outright in the Goodloe case, and it along with the Gleich and Solether cases are later pronouncements upon the question than Sparks v. Taylor, we are controlled by the later pronouncements and hold that the money borrowed from the Austin County State Bank belonged to the community property of the spouses. Therefore the community estate owns a $^{15}\!/_{24}$th interest in the home place.

Appellee insists, in any event, that the trial court's action awarding appellee the homeplace should be upheld because of the late holding of our Supreme Court in Reardon v. Reardon, Tex., 359 S.W.2d 329. This case holds that Art. 4638, Vernon's Ann.Texas Civil Statutes, does not prohibit divestiture of title to land belonging to the community estate. In view, however, of the trial court's finding that the home was appellee's separate estate and as such set aside to him, this may not have been the court's order had he considered the place was part community.

While the ranch note was assigned to the bank as security for the $15,000 note, it was agreed that appellee should collect the yearly installments on this note and from these installments pay the yearly installments to the bank on its note. Appellant says that since she and appellee would go to this bank and deposit the installment collected on the Huggins ranch note in their joint account and at the same time give a check on this account to this bank for the $2,500.00 due the bank for the yearly installments on the $15,000 note that the depositing of the money in the bank commingled appellee's separate funds so collected with the community funds, and thus the payments on the $15,000 note were from the community. At the time the money was borrowed from the bank, the court found that, "it was then agreed. that the proceeds collected each year on the note from W. O. Huggins, Jr., would be paid to the Austin County State Bank for credit on the $15,000 note executed in exchange for a part of the consideration paid for the purchase of the Polk County property. * * * and it was the understanding of all parties that these payments would be made from and out of funds collected by Arthur H. Beeler on the note executed to his order by W. O. Huggins, Jr., in partial payment for the Austin County acreage sold to him by Arthur H. Beeler." The trial court found that the payments made by Huggins to appellee upon the vendor's lien note were used by appellee in paying the annual installments due September 12, of the years 1958–1960 on the $15,000 note, and that it was not the intention of the parties to commingle such funds with the community funds of the parties. The bank made an unusual arrangement for collection on the Huggins note with appellee and appellant. While holding the note as collateral with the right to collect its proceeds, it was agreed that appellee would do so and use same to pay the yearly installments on the bank's note. In view of this agreement, which appears to have been strictly complied with, the fact that the sum of $2,500.00, plus interest on the Huggins note was momentarily deposited in the joint bank account of the appellee and appellant, and thereupon withdrawn to pay the bank, cannot convert such $2,500 plus interest to community funds. Such sum, in each instance, was, in effect, earmarked a trust fund, in equity already belonging to the bank from the moment collected by appellee. Driskill v. Boyd, Tex.Civ.App., 181 S.W. 715; 2 Tex.Jur.2d 563. This being so, the installments paid upon the bank note were paid from the separate funds of appellee and his separate estate is therefore entitled to reimbursement therefor.

Appellant attacks numerous findings of the court. This is done in only one point of most general nature. Appellee contends the point is so multifarious, unique and

uncertain we should not consider it. Appellee's contention is sustained. Johnson-Sampson Cont. Co. v. W. & W. Waterproofing Co., Tex.Civ.App., 274 S.W.2d 926; Sheffield v. Lewis, Tex.Civ.App., 287 S.W. 2d 531.

■ We have been concerned as to the proper judgment to render herein. No attack or complaint has been made with reference to the granting of the divorce or the disposition of the personal property between the parties, except as to the Huggins note. The questions here have been the title to the home place of 18 acres and said note. The right of reimbursement from the community estate to appellee's separate estate for the deferred payments on this home place is an equity and mathematical certainty in a judgment disposing of such question is not required. Dakan v. Dakan, 125 Tex. 305; 83 S.W.2d 620; Puckett v. Puckett, Tex.Civ.App., 205 S.W.2d 124. The trial court's judgment placed a $2,000.-00 lien in appellant's favor upon the home place for one-half of the community improvements. This order provided that appellee was given 90 days in which to pay said sum, or, if not done in such time, execution may issue for the sale of the property. No supersedeas bond has been filed and we cannot tell what has been done in connection with the matter. There still remains a considerable sum to be paid by the community on the bank note. In view of all the equities between the parties, we conclude that this cause should be reversed as to that part of the judgment decreeing the home of the parties to be appellee's sole separate property. It is decreed that he owns in his separate estate a $\frac{9}{24}$ths interest therein; that the community estate of the parties own a $\frac{15}{24}$ths interest therein, but appellee's separate estate has paid three of the yearly installments on the bank note for the benefit of the community. This sum so paid is an equity against the community interest which should be taken into account along with the balance owing on the bank note. The trial court is instructed to hear evidence involving the equities of the parties as affecting the home place in conformity with this opinion, and render such judgment thereon as will be fair and just and will afford proper relief to the parties involved. Rule 434, Texas Rules of Civil Procedure. In all other respects the trial court's judgment is affirmed. The costs of appeal are assessed ½ to appellants, ½ to appellee.