Jeffrey M. KAMEL, Appellant,

v.

Barbara J. KAMEL, Appellee.

No. 12–85–0191–CV.

Court of Appeals of Texas, Tyler.

Oct. 31, 1986.

Bill Rosenstein, Tyler, for appellant.

Jack Norwood, Holcomb & Norwood, Tyler, for appellee.

BILL BASS, Justice.

This is an appeal from a divorce decree. The husband challenges the judgment of the lower court ordering him to reimburse the community estate and dividing certain property. We reverse and remand.

The husband filed a petition for divorce in December of 1984. The wife filed a cross-petition in which she requested the court to award her the parties' residence. The testimony at trial established that the husband had purchased a lot before marriage for $4,250 and that a house was built on the lot during the marriage. Improvements to the lot were financed by promissory notes executed by both husband and wife to a bank and to the husband's father, who died before the divorce. Both husband and wife testified that they made no payments on these notes, and that payments on the note to the bank were made by the husband's brother and father. The husband's brother testified that he loaned money to the husband for roof and plumbing improvements to the property. Both parties testified as to what they believed to be the present value of the house and lot.

During the trial, the wife attempted to establish that the house and lot were community property. However, at the conclusion of the trial, counsel for the wife presented a proposed judgment that would award reimbursement in favor of the community for improvements to the lot. The court on its own motion permitted the wife to amend her pleadings to include a claim for reimbursement. The court found the house and lot to be the separate property of the husband, allowed the community reimbursement in the amount of the enhancement in value of the property, and imposed an equitable lien on the property to secure the reimbursement award. The court ordered a 60/40 division of the community in favor of the wife, and included in the division all insurance and retirement benefits arising out of the husband's employment.

■■■ In his first and third points of error the appellant argues that the appellee failed to plead for reimbursement and that the trial judge abused his discretion in permitting appellee to amend her pleadings to include a claim for reimbursement. It is settled that a party claiming the right of reimbursement has the burden of pleading and proving that expenditures and improvements were made and that they are reimbursable. *Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex.1982); *Wachendorfer v. Wachendorfer*, 615 S.W.2d 852, 854 (Tex.Civ. App.—Houston [1st Dist.] 1981, no writ). The rules of procedure require that the judgment conform to the pleadings. Tex. R.Civ.P. 301. However, the rules of procedure also provide that issues that are not raised by the pleadings but which are tried by express or implied consent of the parties are treated in all respects as if they had been raised in the pleadings. Tex.R.Civ.P. 67. Evidence was introduced without objection regarding the value of the unimproved lot prior to marriage, the source, nature, and extent of improvements to the property made during the marriage, and the value of the property at the time of trial. The granting of leave to file a trial amendment is within the sound discretion of the trial court, and the court's order will not be set aside on appeal in the absence of a clear showing that the court abused its discretion. *Yowell v. Piper Aircraft Corp.*, 703 S.W.2d 630, 634 (Tex.1986). It is not error for the judge to permit a trial amendment on matters developed by the evidence, when such evidence is heard without objec-

tion. *Jim Walters Corp. v. Bass*, 356 S.W.2d 356 (Tex.Civ.App.—Texarkana 1962, no writ). In addition, the allowance of a trial amendment will not result in reversible error in the absence of a plea of surprise and a request for postponement or continuance. *Santa Rosa Medical Center v. Robinson*, 560 S.W.2d 751, 758 (Tex.Civ. App.—San Antonio 1977, no writ). The appellant's first and third points of error are overruled.

■ In his second point of error the appellant argues that the appellee failed to prove that the community was entitled to reimbursement. There is no evidence in the record of any community contribution to the purchase of the property or to the improvements made upon it. Both parties testified that the community spent nothing on improvements. However both husband and wife executed the two notes given for the construction of their home on the husband's lot. The community made no payments on the notes, but the record shows that the husband's father retired a substantial amount of the indebtedness. A gift to husband and wife jointly does not result in a gift to the community but vests a one-half separate property interest in each marital partner. *Bradley v. Love*, 60 Tex. 472, 477 (Tex.1883); *Rogan v. Williams*, 63 Tex. 123 (Tex.1885); *McLemore v. McLemore*, 641 S.W.2d 395, 397 (Tex.App.—Tyler 1982, no writ). Since husband and wife were joint obligors on the notes, one-half of the father's payments were presumably a gift to the wife. Any equity of reimbursement accruing because of this gift belonged not to the community but to the wife's separate estate. Under these facts, it is the wife's separate estate that is entitled to reimbursement for one-half of the enhancement attributable to the improvements made with the money advanced upon the joint obligation of the spouses and later repaid by the husband's father. Therefore we must conclude that the trial court erred in making a property division based upon reimbursement to the community estate. Appellant's second point of error is sustained.

■ In his fourth point of error the appellant argues that the trial court erred in awarding to the appellee a percentage of all retirement benefits arising out of the appellant's employment with Cotton Belt Railroad. The appellant points to section 101 of the Railroad Retirement Act of 1974, 45 U.S.C.A. § 231m (West Pam.Supp.1986), and an amendment thereto under the Railroad Retirement Solvency Act of 1983, Pub. L.No. 98–76, § 419(a), 97 Stat. 438, in support of his argument that federal law precludes the trial judge from dividing all of the benefits or, in the alternative, from dividing a portion of the benefits. We sustain.

Under the railroad retirement system, retirement benefits are calculated on the basis of several statutory components. *See* 45 U.S.C.A. § 231b (West Pam.Supp.1986). The basic component is described in section 231b(a), and is designed to provide benefits equivalent to those under social security. *See* H.R.Rep. No. 30(I), 98th Cong., 1st Sess., *reprinted in* 1983 U.S.Code Cong. & Ad.News 729, 730–34. Section 231m of the statute provides that "[N]o annuity or supplemental annuity shall be assignable or be subject to any tax or to garnishment, attachment, or other legal process under any circumstances whatsoever, nor shall the payment thereof be anticipated." The United States Supreme Court in *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), held that benefits payable under the Railroad Retirement Act were not subject to division by a state court on divorce, citing the provisions of section 231m. The Texas Supreme Court followed the *Hisquierdo* decision in *Eichelberger v. Eichelberger*, 582 S.W.2d 395 (Tex.1979), holding that "the [Supreme Court's] opinion makes it clear that such benefits are not to be treated as "property" and future benefits are not subject to division upon divorce as property." 582 S.W.2d at 401.

Under the Railroad Retirement Solvency Act of 1983, cited above, Congress added a subsection to section 231m after the *Hisquierdo* and *Eichelberger* decisions were

handed down. The amendment expressly permits characterization of certain components of the benefits as community property. *See* 45 U.S.C.A. § 231m(b)(2) (West Pam.Supp.1986). The basic component of the benefits under § 231b(a), however, remains free of a trial court's division under the amendment. *See id.*

The record reflects that no evidence was adduced as to the value of each of the components of the appellant's retirement benefits. There was therefore no evidence as to what part of the benefits were susceptible to division by the court. It seems clear that the benefits were not calculated to exclude the exempt component set forth in section 231b(a). The trial court lacked the power to divide *all* of the appellant's retirement benefits and its attempt to do so was beyond its discretion. The appellant's fourth point of error is sustained.

█ In his fifth point of error the appellant argues that the trial court erred in awarding the appellee sixty percent of the cash value of an insurance policy issued under the National Service Life Insurance Act. The appellant's insurance policy is issued by the Veterans' Administration and is governed by the provisions of Title 38 of the United States Code. *See* 38 U.S.C.A. §§ 701–726 (West 1979 & Supp.1986). Title 38 contains a provision establishing the nonassignability and exempt status of benefits issued under that title:

> Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary ... shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.

38 U.S.C.A. § 3101 (West 1979). Accordingly, our courts have consistently held that Veterans' Administration benefits are not divisible property on divorce. *Ex parte Burson*, 615 S.W.2d 192, 194–96 (Tex.1981); *Ex parte Johnson*, 591 S.W.2d 453, 454 (Tex.1979); *Ex parte Pummill*, 606 S.W.2d

707, 709 (Tex.Civ.App.—Fort Worth 1980, no writ). Appellant's fifth point of error is sustained.

That portion of the decree dividing the property of the parties is reversed and remanded for further proceedings. In all other respects, the judgment is affirmed.