Barbara J. KAMEL, Appellant,

v.

Jeffrey M. KAMEL, Appellee.

No. 12–87–0103–CV.

Court of Appeals of Texas,
Tyler.

Aug. 31, 1988.

Rehearing Denied Nov. 30, 1988.

Jack Norwood, Tyler, for appellant.

Bill Rosenstein, Stephens, Corn & Rosenstein, Tyler, for appellee.

SUMMERS, Chief Justice.

This appeal is from the property division in a divorce decree. The wife challenges the judgment of the lower court awarding her $15,747.00 "as reimbursement for the expenditure of her separate funds which benefited the separate property" of the husband. We reverse and remand.

Two trials have been conducted in this cause. First, trial was had on the cross-petitions for divorce. On appeal, this court in a published opinion reversed the judgment of the trial court and remanded the cause for retrial on the issue of property division only. *See Kamel v. Kamel,* 721 S.W.2d 450 (Tex.App.—Tyler 1986, no writ), delivered October 31, 1986. After the trial court in the second trial entered judgment granting the wife the reimbursement described above, she brought this appeal.

The husband purchased a residential lot before marriage for $4,250. The couple built a home on the lot during marriage and used the property as their homestead. The improvements were financed by promissory notes in the total sum of $36,000 executed by both the husband and wife in the amount of $27,000 to a savings & loan and in the amount of $9,000 to the husband's father, who died before the first trial. Both husband and wife testified that they made no payments on these notes. The evidence shows that the note to the savings & loan was paid by the husband's father and brother, $14,700 in monthly payments by the father and the balance of $12,300 by the brother, and that the father forgave payment of the $9,000 note payable to him.

During the retrial, the wife argued that the payment of the savings & loan note and the father's forgiveness of any indebtedness payable to him was a joint gift to the couple. The husband argued that the payments and forgiveness were gifts to him alone and, therefore, were his separate property. The court found that the $9,000 note forgiven by the father and the $12,300 paid by the brother were the husband's

separate property, and that the separate estate of each party had a one-half interest in the $14,700 paid by the father. The wife also argued that the community estate was entitled to reimbursement from the husband's separate estate for the enhanced value of the husband's separate property attributable to the couple's home. The trial court did not allow any reimbursement to the community. The wife further contended that an equitable lien should be placed on the homestead to secure reimbursement for her interest in the homestead. The trial court refused to grant such a lien. The wife brings four points of error.

 In her first point, the wife argues that the will of the husband's father was inadmissible to show that the father's intent in forgiving $9,000 of indebtedness was to make a gift to his son. The wife asserts first that the will constitutes inadmissible hearsay. The husband argues that the will was properly admitted by the court under the ancient documents exception to the hearsay rule. Under Tex.R. Evid. 803(16), evidence is admissible under the ancient documents exception if (1) the document is over 20 years old and (2) is authenticated. The will was twenty-three years old at the time of trial and was properly authenticated. The ancient documents exception, therefore, applies.

 The wife further argues that the will is inadmissible under Tex.Prob.Code Ann. § 94 (Vernon 1986) since the will had not been admitted to probate. We disagree. Section 94 reads as follows:

Except as hereinafter provided with respect to foreign Wills, no Will shall be effectual for the purpose of proving title to, or the right to possession of, any real or personal property disposed of by the Will, until such Will has been admitted to probate.

This section is not a rule of evidence, but rather is a rule of probate which concerns whether a will shall be given effect in the administration of an estate. *See Taylor v. Martin's Estate,* 117 Tex. 302, 3 S.W.2d 408, 410 (1928); *Jackson v. Thompson,* 610

S.W.2d 519, 524 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). The first point is overruled.

■ In her second point, the wife argues that the testimony of the husband's brother as to his intent in paying off part of the indebtedness is inadmissible under the parol evidence rule because his testimony attempts to vary the terms of the promissory note and deed of trust executed to the savings & loan. We do not agree. The brother's testimony did not vary the terms of the promissory note executed by the couple, but rather stated that his intent in paying a portion of the indebtedness was to make a gift to his brother. The point is overruled.

■ In her third point, the wife contends that the trial court erred in refusing to place an equitable lien on the husband's separate real property to secure payment of any judgment awarded to the wife. In its conclusions of law, the trial court stated that it did not have authority to grant such a lien because the separate property was the homestead of the husband. However, a court does have authority to place an equitable lien on one spouse's homestead if that lien secures the amount awarded the other spouse for his or her interest in the homestead. *Wren v. Wren,* 702 S.W.2d 250, 253 (Tex.App.—Houston [1st Dist.] 1985, no writ); *Brunell v. Brunell,* 494 S.W.2d 621 (Tex.Civ.App.—Dallas 1973, no writ). The court, therefore, has discretion to grant an equitable lien to secure reimbursement for the wife's interest in homestead property. The point is sustained.

In her fourth point of error, appellant argues the trial court erred in refusing to award reimbursement to the community estate for the enhancement of the separate real property of appellee. We agree and sustain the point.[1]

■ Where community funds are used to make improvements to the separate property of one spouse, upon dissolution of the marriage, the community is entitled to reimbursement in the amount of the resulting enhanced value of the separate estate. *Anderson v. Gilliland,* 684 S.W.2d 673, 675 (Tex.1985); *Dakan v. Dakan,* 125 Tex. 305, 83 S.W.2d 620 (1935); Weekley, *Reimbursement Between Separate and Community Estates—The Current Texas View,* 39 Baylor L.Rev. 945, 953 (1987). In the instant case, the husband and wife constructed the house on the husband's separate property. The house was built with community-borrowed funds. The husband argues that since the payments on the indebtedness were ultimately all made with separate funds, the house ceased to be a community estate improvement and became a separate estate improvement and, therefore, any right to enhancement belongs to the separate estates rather than the community estate. However, the payment by one marital estate of the indebtedness owed by another marital estate only entitles the contributing estate to reimbursement for the amount of funds actually expended to reduce the indebtedness. *Beeler v. Beeler,* 363 S.W.2d 305, 307–9 (Tex.Civ.App.—Beaumont 1962, error dism'd w.o.j.); Weekley, *supra,* at 973. L. Simpkins, *Texas Family Law* § 22.39 (178).

In the instant case, the community estate is entitled to reimbursement from the husband's estate for the enhancement in value (amounting to $92,900)[2] to the husband's separate property attributable to the improvement. *Anderson,* 684 S.W.2d at 675. Because this reimbursement belongs to the community estate the trial court may divide it between the parties in "a manner that the court deems just and right." Tex.Fam. Code Ann. § 3.63(a) (Vernon Supp.1988). Furthermore, the separate estates are entitled to reimbursement from the community estate in the amount of their respective contributions to the payment of the community indebtedness for the homestead improvement, as follows: wife's separate estate $7,350;[3] husband's separate estate

---

1. Any holding to the contrary in our previous opinion delivered October 31, 1986, is expressly overruled.

2. Finding of Fact No. 15.

3. Finding of Fact No. 14; Conclusion of Law No. 8.

$28,650.[4] *Beeler,* 363 S.W.2d at 307–9.

That portion of the judgment dividing the community estate of the parties is reversed and the cause is remanded for division of the property in a manner consistent with this opinion.

## SUPPLEMENTAL OPINION ON APPELLEE'S MOTION FOR REHEARING

In his motion for rehearing appellee complains this court erred in sustaining his former wife's third point of error. By that point she challenged the trial court's refusal to place an equitable lien on the husband's separate property homestead securing the right of reimbursement awarded her by that court. We are persuaded that a right of reimbursement is not an interest in the land. However, we remain convinced that the trial court does have discretion to place an equitable lien on one spouse's separate property to secure a right of reimbursement awarded the other spouse for construction of a family home on that property with community property resources.

In *Burton v. Bell,* 380 S.W.2d 561, 564 (Tex.1964), the Supreme Court described the nature of a right of reimbursement for community property funds expended to improve separate property as "a claim for money and return of funds and not a right, title or interest in the land." *Burton* did not address the issue of whether or not an equitable lien could attach to secure the claim for reimbursement; however, the Supreme Court relied upon *Burton* in support of the following language in *Jensen v. Jensen,* 665 S.W.2d 107, 110 (Tex.1984), a case involving the increase in separate property corporate stock: "However, if the right to reimbursement is proved, a lien shall not attach to Mr. Jensen's separate property shares. Rather, a money judgment may be awarded."

That wording in *Jensen* has created some confusion as to whether or not an equitable lien may still be placed on separate real property to secure a right of reimbursement awarded for improvements to that property. *See Rogers v. Rogers,* 754 S.W.2d 236, 241 (Tex.App.—Houston [1st Dist.] 1988, no writ); Weekley, *Reimbursement Between Separate and Community Estates—The Current Texas View,* 39 Baylor L.Rev. 945, 976 (1987). However, the Supreme Court found no reversible error in a post-*Jensen* case upholding the imposition of an equitable lien on one spouse's separate real property to secure the award of reimbursement for community funds advanced to improve that property. *See Cook v. Cook,* 665 S.W.2d 161, 165 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.).

In *Smith v. Smith,* 715 S.W.2d 154, 160 (Tex.App.—Texarkana 1986, no writ), the appellate court distinguished *Jensen* from cases involving real property rather than the "key-man concept" peculiar to the stocks involved in *Jensen.* The *Smith* court affirmed the imposition of an equitable lien upon the separate real property of the husband as security for the right of reimbursement awarded the wife for improvements made on the husband's separate real property with community property funds. The court made the following observation:

> We do not believe the Supreme Court of Texas by their opinion in *Jensen* intended to change the longstanding rule of permitting divorce courts to attach a lien to secure an award of reimbursement for improvements.

*Smith,* 715 S.W.2d at 160.

We agree with this reasoning. Prior to *Jensen* this court upheld equitable liens placed on the separate property of one spouse as security for a right of reimbursement awarded the other. *Buchan v. Buchan,* 592 S.W.2d 367 (Tex.Civ.App.—Tyler 1979, writ dism'd); *Day v. Day,* 610 S.W.2d 195 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.). The *Cook* case discussed above cites *Buchan.* We agree with the Texarkana court's holding in *Smith* that *Jensen's* prohibition against equitable liens on separate *personal* property does not apply in cases involving improvements on sepa-

---

**4.** Findings of Fact Nos. 12, 13, and 14; Conclusions of Law Nos. 6, 7, and 8.

rate *real* property and adhere to our decisions in *Buchan* and *Day*.

We hold that the trial court has the discretion to establish a lien on separate real property as security for a right of reimbursement awarded one spouse for community property resources expended to improve that separate property. Appellee's motion for rehearing is overruled.