In re Samuel Ray PARRISH, Debtor.

Samuel Ray PARRISH, Plaintiff,

v.

Sharman Rae McVAY, Defendant.

Bankruptcy No. 91–60631–LK.
Adv. No. 91–6061.

United States Bankruptcy Court,
W.D. Texas,
Waco Division.

Aug. 25, 1992.

William Earl Stallings, Waco, Tex., for debtor.

Charles B. Hendricks, Dallas, Tex., for defendant.

## MEMORANDUM OPINION

LARRY E. KELLY, Chief Judge.

Came on to be tried the above-styled Adversary Proceeding. The parties appeared in person and were represented by counsel. After considering the argument of the parties, the court took the matter under advisement in order to review the materials which were submitted to it. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K) and 11 U.S.C. § 522(f)(1). The following constitute the court's Findings of Fact and Conclusions of Law as required by Bankruptcy Rule 7052.

## BACKGROUND FACTS

Samuel Ray Parrish ("Debtor") filed this Adversary Proceeding originally seeking to avoid a lien on his homestead held by Sharman Rae McVay ("McVay"), his former wife. His original complaint also requested that the court determine whether or not the debt secured by the lien owed was dischargeable and further requested that the court determine whether or not a transfer of a 2.93% interest in his "retirement benefits" could be avoided. At trial, the Debtor withdrew any request that the transfer of the 2.93% of his "retirement benefits" be avoided and no party raised the issue of the dischargeability of the underlying claim of Ms. McVay against the Debtor. Apparently the parties have concluded that it is, in fact, dischargeable.

During the marriage of these parties, Mr. Parrish received approximately $247,-

000.00 in a lump sum from his employer upon early termination of employment and a substantial portion of those funds were used to construct a house on separate real property of the Debtor in which the parties dwelled. In the divorce proceeding, the trial court granted the divorce, determined that the $247,000.00 was community property, determined that a substantial amount of it had been used to improve "separate property" of the Debtor and imposed an equitable lien on the separate property in favor of Ms. McVay for the principal sum of $76,500.00 plus her reasonable attorney's fees which the court found to be $10,000.00. The primary issue before this court is to determine whether or not the equitable lien imposed on the separate property of the Debtor can be avoided as a judgment lien under 11 U.S.C. § 522(f).

### FINDINGS OF FACT

There are no material facts which are in dispute in this case. The parties presented the court with an Amended Agreed Pretrial Order which presented the following "agreed facts":

1. Plaintiff ("Debtor") and Defendant ("McVay") were divorced by final decree of divorce signed on March 21, 1991, by the 87th District Court of Freestone County, Texas, following a jury trial ("divorce decree").

2. The parties had been married 9 years.

3. During the marriage the Debtor received $247,878.00 in a lump sum early termination benefit from the Sun Company.

4. At the divorce trial, the jury found that the early termination benefit was not a part of the Debtor's retirement benefits, but rather community property.

5. The early termination benefit community property was used by the parties to build a home on raw land which Debtor had inherited during the marriage ("the property").

6. The parties lived on the property as their homestead prior to their divorce.

7. The divorce decree divided the community estate by awarding the property to the Debtor and granting the Defendant a lien on the property to secure a $76,500.00 community reimbursement by the Debtor to the Defendant for improvements made to the property.

8. The Debtor claimed the property as exempt in his Chapter 7 bankruptcy case.

Additional facts which were really not disputed but formed no part of the "agreed facts" are found by this court as follows:

9. The property at issue represented separate property of the Debtor at all times relevant to this proceeding.

10. The property awarded to the Debtor represented the Debtor's homestead at all times relevant to the proceedings before the court.

11. The divorce decree specifically decreed that

"Sharman Rae Parrish, Petitioner, recover of and from Samuel R. Parrish, Respondent, judgment for $76,500.00, representing Petitioners one-half (½) interest in *community reimbursement for improvements* made to Respondent's separate property and a judgment for $10,000.00 for attorney's fees herein awarded to Petitioner against Respondent; said total judgment of $86,500.00 to be paid together with judgment interest thereon at the rate of 8% per annum and payable in 144 monthly installments of $936.32 per month beginning on April 1, 1991, and a like payment due and payable on the 1st day of each month thereafter until the sum of $86,500.00 is paid in full, for which let execution issue. *This judgment is part of the division of the community property between the parties and shall not constitute or be interpreted to be any form of spousal support, alimony or child support."* (emphasis added)

This court finds that no part of the $76,-500.00 or $10,000.00 in attorney fees represents any form of spousal support, alimony or child support.

12. The divorce decree went on to grant an "equitable lien" against the real property owned by the Debtor and then "confirmed" that such real property was the

separate property of Samuel R. Parrish, although it was stated to be "subject to the equitable lien of the petitioner, Sharman Rae Parrish."

## STATEMENT OF THE LEGAL ISSUE PRESENTED

The parties advised the court that the only issue being litigated was whether or not 11 U.S.C. § 522(f)(1) allows the Debtor to avoid his ex-spouse's judgment lien. Each referred this court to the U.S. Supreme Court's recent decision in *Farrey v. Sanderfoot*, —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), and to *In re Finch*, 130 B.R. 753 (S.D.Tex.1991).

## DISCUSSION

### A. General Principles

■ The general rules are not in dispute. When Debtors use state law to claim exemptions, the bankruptcy court must turn to state law to interpret their exemption rights in homesteads. *Butner v. United States*, 440 U.S. 48, 50, 90 S.Ct. 914, 915, 59 L.Ed.2d 136 (1979).

In order to understand the effect of the "equitable lien" imposed by the state court in the divorce decree, one must first understand the concept which authorized the imposition of same. There are a number of factual contexts under which reimbursement between a separate property estate and a marital community property estate may arise. See generally, Fred C. Weekley, *Reimbursement Between Separate and Community Estates—The Current Texas View.*, 39 Baylor L.Rev. 945 (1987). Our discussion is limited to situations where the community estate funds are used to improve separate property of one of the spouses and a claim for reimbursement is made. When reimbursement is allowed the measure of reimbursement is the "enhanced value" to the property improved. *Anderson v. Gilliland*, 684 S.W.2d 673 (Tex.1985).

The nature of this right is also clearly equitable as opposed to legal. See, e.g., *Burton v. Bell*, 380 S.W.2d 561 (Tex.1964) ("the charge or equity which one estate has against the opposite estate for reimbursement of all funds spent in enhancing the value of such opposite estate is *only a claim for money in return of funds and not a right, title, or interest in the land.*" (Citations omitted) (emphasis added); *Vallone v. Vallone*, 644 S.W.2d 455 (Tex.1982) ("rule of reimbursement is purely equitable and obtains when community estate in some way improves separate estate of one of spouses, or vice versa; right of reimbursement of separate or community estate is not interest in property or enforceable debt, per se, but equitable right which arises upon dissolution of marriage through death, divorce or annulment; reimbursement of community or separate estate is not available as a matter of law, but lies within discretion of court."); *Cook v. Cook*, 665 S.W.2d 161 (Tex.App.—Fort. Worth 1983, writ ref'd n.r.e.) ("reimbursement to marital estate for funds advanced to improve another marital estate is not based upon acquisition of title interest in either underlying realty or improvements, but rather is based upon equitable principles and award of reimbursement simply creates obligation to pay for enhancement in value attributable to improvements, which obligation in no way deprives the estate of its title interest in either underlying realty or improvements thereon and does not constitute impermissible divestiture of separate property"); *Smith v. Smith*, 715 S.W.2d 154 (Tex.App.—Texarkana 1986) no writ ("the right to reimbursement is in equity; a mathematical certainty in its determination is not required."); *Kamel v. Kamel*, 760 S.W.2d 677 (Tex.App.—Tyler 1988), writ den. ("community is entitled, upon dissolution of marriage, to reimbursement in amount of resulting enhanced value of separate property, where community funds are used to make improvements to separate property of one spouse"); *Magill v. Magill*, 816 S.W.2d 530 (Tex.App.—Hous. [1st Dist] 1991) no writ ("reimbursement is equitable claim in dissolution proceeding").

■ One other important principle in Texas is the rule that a spouse may not be divested of his or her separate real proper-

ty upon divorce. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137 (Tex.1977).

In some cases, however, it has been argued that an equitable lien can be imposed on separate real property to reimburse the community for funds of the community that were used to enhance that separate property. See, e.g., *Smith v. Smith*, supra (although no lien was allowed on separate property homestead) and *Kamel v. Kamel*, supra (okay to give lien on separate property homestead where community funds used to make improvement thereon).

## B. Current Case Law

 Whether or not an equitable a lien can be an enforceable lien on a spouse's separate property homestead is still not settled however. See Fred C. Weekley, *Reimbursement Between Separate and Community Estates—The Current Texas View*, 39 Baylor L.Rev. 945 (1987).

In a recent opinion, *Pemelton v. Pemelton*, 809 S.W.2d 642 (Tex.App.—Corpus Christi, 1991) writ granted, the Court of Civil Appeals had a suit for characterization of property and division of the community assets pursuant to divorce. In relevant part, a lien was granted to Mr. Pemelton to "equalize division of the community estate". The equitable lien was granted against Ms. Pemelton's separate property for "his interest in the homestead". The evidence indicated that the community was due reimbursement from improvements made to her separate property. The Court of Appeals found that each party had a homestead interest which vested independent of fee interest in the realty. Because Mr. Pemelton was divested of his "independent" homestead interest the Appellate Court found that the trial court was authorized to grant him an equitable lien to secure payment of the amount awarded to him for his interest.

The Texas Supreme Court granted writ of error and has recently rendered an opinion which may be found at 836 S.W.2d 145. The opinion itself, however, has not been released for publication and therefore is not at this point authority for any of the legal principles presented therein. However, it does propose to reverse the Court of Appeals, and to hold that "a judgment awarded to one spouse cannot be secured by a lien on the other spouse's separate property homestead unless the amount covers reimbursement for improvements made by the community to the separate property". It then indicates that the equitable lien for improvements might be imposed if all the requirements of the Texas Constitution were met, i.e., indicating that if the work and material used in constructing improvements was contracted for in writing, with consent and signature of both spouses. This pending opinion of the Texas Supreme Court, not having been released for publication, does not yet resolve the issue. However, it does indicate that the lien in this case is not necessarily enforceable, whether or not it is avoided by Code § 522(f)(1).

See also, *Jensen v. Jensen*, 665 S.W.2d 107 (Tex.1984). In *Jensen*, the Supreme Court was faced with a divorce proceeding and division of property, primarily consisting of stock, which was owned by one spouse before marriage but which had increased in value substantially during the marriage. Ultimately, the court determined that reimbursement might be owed to the community and remanded the case for a determination of the amount, if any. It did however, specifically rule that "if the right to reimbursement is proved, a lien shall not attach to Mr. Jensen's separate property shares. Rather, a money judgment may be awarded." *Jensen*, supra at 110. Commentators have speculated that that decision may indicate that equitable liens cannot be imposed on separate property of one spouse to reimburse the community for community funds advanced to improve it. Fred C. Weekley, *Reimbursement Between Separate and Community Estates—The Current Texas View*, 39 Baylor L.Rev. 945, (1987). The pending *Pemelton* decision would seem to follow that thought, unless the lien meets the requirements for other enforceable liens which are set out in the Texas Constitution.

It is undisputed that at all times relevant to this proceeding, Mr. Parrish owned 100%

of the title to the real property at issue and that at all times it was his separate property. The law shows that Ms. McVay's "claim" is an equitable claim and not any form of an interest in the separate real property of Mr. Parrish. The facts demonstrate that this "equitable claim" was reduced to a judgment in the divorce decree and granted to Ms. McVay as a part of the equitable determination that reimbursement in some amount should be awarded to the community estate. As an award to the community estate it then was divided in the divorce decree with one half of the reimbursement being reduced to judgment in favor of Ms. McVay and an "equitable lien" then being imposed by judgment upon the Debtor's separate property homestead.

Ms. McVay's reliance on *Farrey v. Sanderfoot*, as requiring this court to rule in her favor, appears to be misplaced. The Supreme Court therein specifically found that under Wisconsin law both spouses had an undivided joint tenancy in the land during the marriage, that this joint tenancy terminated on divorce and that new separate property interests were then created for both parties. As such, the lien awarded to the spouse not acquiring the new property interests did not attach to the acquiring spouse's previous one-half joint tenancy interest, but to the acquiring spouse's "new" fee simple interest. Id., 111 S.Ct. at 1831.

A similar determination was made by the U.S. District Court in the recent case of *In re Finch*, 130 B.R. 753 (S.D.Tex.1991). In *Finch*, the court compared the Wisconsin law, as reported in *Farrey v. Sanderfoot*, with Texas community property law. The property being divided in *Finch* was all community property. The court found that community interests also do not survive divorce. If the property is not divided, then the ex-spouses become tenants in common. If it is divided, then the acquiring spouse's one-half community interest is divested and is revested with a fee simple ownership. Thus, the court imposed equitable lien, like in *Farrey v. Sanderfoot*, was not imposed on the acquiring spouse's pre-existing interest, but on his contemporaneously acquired fee simple interest. As such, the lien was held to be enforceable

and immune from avoidance under 11 U.S.C. § 522(f)(1). *Finch*, at 757.

## CONCLUSION

In stark contrast to *Farrey v. Sanderfoot*, supra and *In re Finch*, are the facts in the current case. 11 U.S.C. § 101(36) defines "judicial lien" to mean a "lien obtained by judgment, levy, sequestration, or other legal or other equitable process or proceeding." The lien granted to Ms. McVay in the divorce decree is such a judicial lien granted to secure her equitable claim. The Debtor's interest in the separate property made the subject of this proceeding, however, was owned by him at all times prior to the institution of the divorce as his separate property and subsequent to the divorce as his separate property. As such, the judgment lien granted to Ms. McVay in the divorce decree represents the fixing of a lien on a pre-existing interest of the Debtor in property and impairs an exemption to which he would have been entitled under 11 U.S.C. § 522(b). As such it is not immune to avoidance.

This court is not certain from state law whether the judgment lien is enforceable against the separate real property homestead of the Debtor. However, under the current state of Texas law, if it did attach, it is clear to the court that it is avoidable under 11 U.S.C. § 522(f)(1).

A separate order of even date herewith will be executed by the court to effectuate its Finding of Facts and Conclusions of Law.