**Betty IGLINSKY, Appellant,**

v.

**Clyde IGLINSKY, Appellee.**

**No. 12–86–0274–CV.**

Court of Appeals of Texas, Tyler.

June 30, 1987.

Bill Youngkin, Youngkin, Catlin, Bryan & Stacy, Bryan, for appellant.

Tom D. Rorie, Rorie & Pederson, Nacogdoches, for appellee.

BILL BASS, Justice.

This is an appeal from a decree of divorce. The wife appeals that portion of the decree which divides the husband's retirement plans. We reverse and remand in part and affirm in part.

The parties were married on January 1, 1981. The husband was an employee of Stephen F. Austin State University, and participated in an Optional Retirement Plan and a Tax Sheltered Annuity Plan issued to employees of the university. Both plans were funded from the husband's earnings. Under the retirement plan no money could be withdrawn absent retirement, death, or disability. Immediately prior to the marriage the retirement plan held a balance of $38,576.63. On the day of trial the balance was $122,064.89, for an increase of $83,488.26 occurring during the marriage. The annuity also constituted a retirement plan, but money could be withdrawn at any time upon payment of a penalty. The annuity held a balance of $6,174.02 immediately prior to the marriage. On the day of trial the balance was $41,672.20, for an increase of $35,498.18 occurring during the marriage. The husband testified that no money had been withdrawn from either account.

The administrator of the accounts testified that the funds from either account could be divided and a portion of those funds transferred to accounts in the wife's name. The wife's accounts would thereafter be subject to the same restrictions as the husband's accounts, i.e., the wife would pay a penalty for early withdrawal from the annuity account, and would not have access to the retirement plan account until the husband's employment terminated. The trial court included this division scheme in the judgment, ordering that separate sub-accounts be established in the wife's name. The court divided the funds in the accounts in accordance with the principles announced in *Berry v. Berry*, 647 S.W.2d 945 (Tex.1983), and *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977). Based upon evidence that the amount in the retirement plan account corresponded to 338 months of employment, and that the employment coincided with the marriage for 69 months, the court applied a 69/338 fraction to the balance of the retirement account to arrive at the community interest. The wife was awarded $12,459.28 of the retirement account, being one-half of the community interest in that account. The court similarly calculated the community interest in the annuity, applying a 69/145

fraction to the balance of the annuity account and awarding the wife $9,915.10, being one-half of the community interest in that account.

By two points of error the appellant states that the court erred in dividing the retirement plan and the annuity in accordance with *Berry* and *Taggart.* She argues that she was incorrectly awarded only a small fraction of the $83,488.26 increase in the retirement plan account and the $35,498.18 increase in the annuity account, both figures representing the husband's contributions of earnings during marriage and thus ostensibly constituting community property. We agree that the court erroneously characterized a portion of the accounts as the separate property of the husband. We conclude that the court would have effected a different division of the community property of the parties if the accounts had been properly characterized.

The Supreme Court has approved the division of a spouse's retirement benefits on divorce and has set forth an apportionment formula to divide payments of benefits. *See Grier v. Grier,* 731 S.W.2d 931, 932 (Tex.1987); *Berry v. Berry,* 647 S.W.2d 945, 947 (Tex.1983); *Taggart v. Taggart,* 552 S.W.2d 422, 424 (Tex.1977); *Cearley v. Cearley,* 544 S.W.2d 661, 666 (Tex.1976); *Busby v. Busby,* 457 S.W.2d 551, 554 (Tex. 1970). The extent of the community interest is determined by a fraction, the numerator of which represents the number of months the parties were married while the retirement plan was in effect, and the denominator of which represents the total number of months the employee spouse was employed under the plan.[1] The fraction is applied to a figure representing the value of the benefits as of the date of divorce. *Berry,* 647 S.W.2d at 947. The product of the two figures gives the community interest subject to division by the court.

■ In the present case the trial court determined the community's fractional share and applied the fraction, not to the value of the husband's retirement and annuity benefits, but to the accumulated funds underlying those benefits. These accumulated funds represent contributions, not benefits. Because the cases cited above provide guidance only for the fractional apportionment of benefits, the trial court's division of the accumulated funds should not have been governed by the fractional apportionment formula of *Taggart, Berry,* or *Grier.*[2] While it is true that in some cases the extent of the employee spouse's contributions will largely determine the amount of benefits received, under a given retirement plan there are a great number of factors and data that contribute to the calculation of the employee's benefit entitlement. The sum of the employee's contributions is only one such factor. *See* Comment, *An Interdisciplinary Analysis of the Division of Pension Benefits in Divorce and Post-Judgment Partition Actions: Cures for the Inequi-*

---

**1.** There is some uncertainty regarding the denominator of the fraction. The denominator has been variously calculated by the total number of months entitling the employee to benefits, even though that period of months extended beyond the marriage, *Grier,* at 933; *Taggart,* 552 S.W.2d at 424, by the number of months of employment under the plan as of the divorce, *Berry,* 647 S.W.2d at 947; *Mora v. Mora,* 429 S.W.2d 660, 663 (Tex.Civ.App.—San Antonio 1968, writ dism'd), and by the number of months of employment under the plan as of the date of retirement, *Boniface v. Boniface,* 656 S.W.2d 131, 132–33 (Tex.App.—Austin 1983, no writ). One court has attempted to reconcile the different fractions. *May v. May,* 716 S.W.2d 705, 710 (Tex.App.—Corpus Christi 1986, no writ).

In the present case the trial court based the fraction on the total months of employment under the retirement plan as of the divorce. While this fraction appears to comport with *Berry,* the disposition of this appeal does not require us to address the correctness of this calculation.

**2.** We do not disapprove of the trial court's division of the accumulated funds into separate accounts. On the contrary, where an adequate accounting of contributions is available, this method of division appears to effect an accurate apportionment of benefits. Thus, if the court had determined the community interest in the funds on the basis of contributions of earnings during marriage and then proceeded to divide each fund into two accounts, each party would have received a proper share and would have equally borne the risk of non-maturity. *See Cearley,* 544 S.W.2d at 666.

*ties in* Berry v. Berry, 37 Baylor L.Rev. 107, 112–23 (1985).

■ The trial court's division of the annuity presents a further difficulty. As noted above, the balance of the annuity account could be withdrawn at any time. Since the parties desired to divide the entire balance at the time of divorce, the annuity required treatment no different than a certificate of deposit or an insurance policy with a cash surrender value would require. *See Womack v. Womack,* 141 Tex. 299, 172 S.W.2d 307, 308 (1943); *Grost v. Grost,* 561 S.W.2d 223, 230 (Tex.Civ.App. —Tyler 1977, writ dism'd).

A court exercises wide discretion in making an appropriate division of community property on divorce, and the division will not be disturbed on appeal unless a clear abuse of discretion is shown. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex.1981). This is not a case in which separate property was erroneously characterized as community. Therefore, the court's error in characterization does not require reversal unless it appears that the court would have made a different division if the property had been properly characterized. *Cook v. Cook,* 679 S.W.2d 581, 585 (Tex.App.—San Antonio 1984, no writ); *Smith v. Smith,* 620 S.W.2d 619, 625 (Tex.Civ.App.—Dallas 1981, no writ). It is clear from the record that the trial judge sought to divide the community property evenly, but that because of the error in the treatment of the retirement plans the division heavily favored the husband. It is therefore apparent that the court would have made a different division if the retirement accounts had been properly characterized. Accordingly, that part of the judgment dividing the community estate of the parties is reversed and remanded for a new trial on that issue alone. Otherwise the judgment is affirmed.