In re Douglas Cary **FINCH,** d/b/a Finch Alternator & Starter, Debtor.

Douglas C. **FINCH,** Appellant,

v.

Jackie C. **FINCH,** Appellee.

Civ. A. No. H-90-2360.

United States District Court, S.D. Texas, Houston Division.

Aug. 28, 1991.

---

Marjorie A. Payne, Casciato & Payne, Houston, Tex., for debtor and appellant.

Douglas A. Sandvig, Kissner & Sandvig, Houston, Tex., for appellee.

## ORDER

HITTNER, District Judge.

This appeal is taken from a bankruptcy court's denial of a motion to avoid a judgment lien and partial granting of a motion to lift stay. The bankruptcy court entered the orders in proceedings styled *In re Douglas Cary Finch, d/b/a Finch Alternator & Starter,* Bankruptcy No. 89-09036-H3-13. The Court has considered the briefs, the argument of counsel at a

hearing in open court on July 15, 1991, and the applicable law.

Following their marriage in 1979, appellant Douglas Finch and appellee Jackie Finch purchased two parcels of real property: a parcel located at 4440 North Shepherd, Harris County, Texas and another located in Matagorda County, Texas. The parties to this appeal agree that at the time of their acquisition, these real estate holdings constituted community property. In July 1989, Douglas Finch and Jackie Finch obtained a divorce through contested proceedings. In the divorce decree, the 309th Judicial District Court of Harris County, Texas, Judge John D. Montgomery, awarded Douglas Finch, among other things, both parcels of land as his "sole and separate property." The court awarded Jackie Finch, among other things, a $70,000.00 judgment in order to achieve a "just and right" division of all community property, including the two parcels of land. *See* Tex. Fam.Code Ann. § 3.63(b) (Vernon Supp. 1991). The court also granted Jackie Finch an "equitable lien" against the two parcels of land to secure payment of the $70,-000.00.

In December 1989, Douglas Finch filed the instant chapter 13 proceedings. Douglas Finch moved the bankruptcy court to avoid Jackie Finch's "equitable lien," on grounds that the lien was judicial within the meaning of 11 U.S.C. § 522 (1988) and impaired Douglas Finch's Texas homestead exemption on the Harris County property.[1] In turn, Jackie Finch moved the bankruptcy court to lift the stay so as to allow her to execute the lien against the two parcels of real property. The bankruptcy court denied Douglas Finch's motion to avoid the lien and granted Jackie Finch relief from the stay as to the Matagorda County property.

The parties to this appeal agree that this Court may review the bankruptcy court's decision to deny avoidance of the lien and to grant relief from the automatic stay only for an abuse of discretion. 11 U.S.C. § 362(d)(1) (1988); *see, e.g., In re Dixie*

*Broadcasting, Inc.,* 871 F.2d 1023, 1026 (11th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 154, 107 L.Ed.2d 112 (1989); *Pursifull v. Eakin,* 814 F.2d 1501, 1504 (10th Cir.1987); *In re MacDonald,* 755 F.2d 715, 716–17 (9th Cir.1985); *In re Holtkamp,* 669 F.2d 505, 507 (7th Cir.1982). This Court cannot ascertain any abuse of discretion in the bankruptcy court's decision not to avoid the lien and to grant Jackie Finch partial relief from the automatic stay.

The cornerstone issue on appeal is whether Douglas Finch could seek avoidance of the judicial lien as a matter of law. Following the filing of this appeal, the United States Supreme Court released a decision that controls the disposition of Douglas Finch's contentions. In *Farrey v. Sanderfoot,* —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), the Supreme Court held that a debtor cannot seek under 11 U.S.C. § 522 the avoidance of a judicial lien that attached to property at the same time that the debtor acquired his present interest in that property. The Supreme Court applied this rule in finding that a debtor in bankruptcy could not avoid a judicial lien awarded by a state court in a divorce decree to equalize the division of formerly community property. *Id.* 111 S.Ct. at 1829.

Douglas Finch argues that the *Farrey* Court was applying Wisconsin law, and that Texas law provides for a different result. It is true that the Supreme Court premised its *Farrey* decision on the parties' undisputed contention that under Wisconsin law, a divorce decree creates new interests in place of the old in favor of the ex-spouses. *See id.* 111 S.Ct. at 1830–31; *see also id.* 111 S.Ct. at 1831–32 (Kennedy, J., concurring) (noting that "respondent conceded what we all now know to be the key point in the case"). Under the law applicable in *Farrey,* the divorce decree transformed the ex-spouses' one-half community interests in the property into a fee simple interest vested in the acquiring spouse. The lien awarded to the non-acquiring spouse in a divorce decree thus did not attach to the acquiring spouse's previous

---

**1.** Section 522(f)(1) allows the debtor to avoid the fixing of a judicial lien that impairs, among

other things, a valid state-law homestead exemption.

one-half community interest, but to the acquiring spouse's "new" fee simple interest. *Id.* 111 S.Ct. at 1831.

Douglas Finch argues that following his divorce, he did not possess a "new" unified interest in the formerly community properties but a combination of the formerly undivided community interests. Under this theory, he carried a valid homestead exemption, at least on his one-half community interest, through the divorce proceedings. This Court finds, however, that Douglas Finch's arguments fail in light of a conclusion that Texas law treats pre- and post-divorce interests in community property in a manner similar to that set out in *Farrey*.

■ In Texas divorce proceedings, all community property becomes part of an estate, which the trial court must divide. *See Cameron v. Cameron*, 641 S.W.2d 210, 215 (Tex.1982); *Hailey v. Hailey*, 160 Tex. 372, 331 S.W.2d 299, 302–03 (1960). Once divorce proceedings begin, neither spouse is entitled, as a matter of right, to his or her interest in community property. *See, e.g., Smith v. Smith*, 569 S.W.2d 629, 631 (Tex.Civ.App.—Tyler 1978, writ dism'd w.o.j.). The characterization of each spouse's ownership interest in community property as an undivided one-half community interest under Texas marital property law does not survive divorce proceedings, no matter how the divorce decree treats or fails to treat that property.

■ If a divorce decree fails to divide community assets, the ex-spouses become tenants in common, or joint owners. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex. 1970); *Gaston v. Gaston*, 608 S.W.2d 332, 335 (Tex.Civ.App.—Tyler 1980, no writ); *Goetz v. Goetz*, 567 S.W.2d 892, 894 (Tex. Civ.App.—Dallas 1978, no writ); McKnight, *Division of Texas Marital Property on Divorce*, 8 St. Mary's L.J. 413, 440, 477 (1976) [hereinafter McKnight, *Division of Marital Property*]. When a divorce decree fails to divide community property, the legal relations between the ex-spouses in the property are governed not by marital property law, as they were before divorce, but by the laws of cotenancy. *See Goetz*, 567 S.W.2d at 894–95; *Smith v. Cooper*, 541 S.W.2d 274, 277 (Tex.Civ.App.—Texarkana 1976, no writ); McKnight, *Division of Marital Property, supra*, at 440; *see also In re Marriage of Jackson*, 506 S.W.2d 261, 265 (Tex.Civ.App.—Amarillo 1974, writ dism'd) ("[I]n making the division of property in divorce proceedings, the court may consider many factors that would not be determinative in a non-divorce partitioning of property.").

■ If, as is the case here, the divorce decree does divide the property, "the transaction ... dissolves the tenancy in common." *Cameron*, 641 S.W.2d at 215; *see Hailey*, 331 S.W.2d at 303. In certain circumstances, a trial court may award one spouse a parcel of community property in whole, and award a money judgment to the other spouse to compensate the nonacquiring spouse for the loss of his or her interest in the property. *See, e.g., Hanson v. Hanson*, 672 S.W.2d 274, 278–79 (Tex. App.—Houston [14th Dist.] 1984, writ dism'd); *In re Marriage of Jackson*, 506 S.W.2d at 266; *Brunell v. Brunell*, 494 S.W.2d 621, 623 (Tex.Civ.App.—Dallas 1973, no writ); McKnight, *Family Law: Husband and Wife, Annual Survey of Texas Law*, 43 Sw.L.J. 1, 34–35 (1989). In this way, the acquiring spouse's undivided one-half community interest is divested, and he or she is revested with fee simple ownership—that is, the trial court terminates the acquiring spouse's joint undivided interest and grants him or her sole and separate ownership. *See Hailey*, 331 S.W.2d at 303; *Lettieri v. Lettieri*, 654 S.W.2d 554, 559 (Tex.App.—Fort Worth 1983, writ dism'd).

■ Although Douglas Finch did not brief the implications of the *Farrey* decision, his oral argument that a divorce decree does not divest the acquiring spouse of his pre-existing interest in the property may be grounded in the line of Texas cases which held that a trial court is powerless to divest an ex-spouse of interests in real property. *See, e.g., Tittle v. Tittle*, 221 S.W.2d 576, 578 (Tex.Civ.App.—Texarkana 1948, no writ); *Lewis v. Lewis*, 179 S.W.2d 594, 596–97 (Tex.Civ.App.—Fort Worth 1944), *overruled in Hailey*, 331 S.W.2d at

303. These cases are based on language that is no longer present in the current version of the pertinent statute and, in any event, only applied to the ex-spouse's interests in separate property. *See* Tex.Fam. Code Ann. § 3.63; Tex.Rev.Civ.Stat. art. 4638 (repealed 1969); *Hailey*, 331 S.W.2d at 303; *Hearn v. Hearn*, 449 S.W.2d 141, 144–45 (Tex.Civ.App.—Tyler 1969, no writ); *Duncan v. Duncan*, 374 S.W.2d 800, 802 (Tex.Civ.App.—Eastland 1964, no writ); *Walker v. Walker*, 231 S.W.2d 905, 907 (Tex.Civ.App.—Texarkana 1950, no writ); McKnight, *Division of Marital Property*, *supra*, at 445. Subsequent Texas cases make clear that in divorce proceedings, a trial court can vest all interest in a parcel of community property in one spouse, thus divesting the other spouse of any interest in that particular property. *See Reardon v. Reardon*, 359 S.W.2d 329, 329–30 (Tex. 1962); *Haiduk v. Haiduk*, 374 S.W.2d 323, 326 (Tex.Civ.App.—San Antonio 1963, writ dism'd); *Harrison v. Harrison*, 365 S.W.2d 698, 699 (Tex.Civ.App.—San Antonio 1963, writ dism'd).

For a court to have the power to divide community property, it must have the power to divest the parties of their preexisting interests in that property. If a trial court can divest the nonacquiring spouse of all interest in a parcel of community property, so too can it divest the acquiring spouse of his or her preexisting community interest and revest the acquiring spouse with fee simple title. After such a division, the interest of both ex-spouses' in that property are characterized anew. Any other reading of Texas law would frustrate a trial court's statutorily explicit mandate to achieve and enforce an equitable division of community property upon divorce.

Because Douglas Finch's one-half community interest as such did not survive the entry of the divorce decree, he did not hold any preexisting interest at the time of the decree's entry to which the equitable lien could have attached. The lien attached instead to Douglas Finch's contemporaneously acquired fee simple interest in the property, precisely as contemplated in *Farrey*. That lien is thus enforceable under Texas law, *see* McKnight, *Division of Marital Property, supra*, at 471, and immune from avoidance under 11 U.S.C. § 522.

Based on the foregoing, the Court

AFFIRMS the order, entered May 10, 1990, in which the bankruptcy court denied a motion to avoid a lien and granted partial relief from the automatic stay.

This order terminates the appeal to this Court.