faires 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-208-CV 





ROBERT F. FAIRES, JR.,



 APPELLANT


vs.





DARLENE ELIZABETH BILLMAN,



 APPELLEE



 




FROM THE DISTRICT COURT OF HAYS COUNTY, 207TH JUDICIAL DISTRICT



NO. 91-0410, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING



 




 Robert F. Faires appeals from a summary judgment granted his former wife,
Darlene Elizabeth Billman, in her suit to foreclose a lien against his separate property. In
addition, he appeals from the trial court's order overruling his motion for summary judgment. 
We will reverse the judgment and remand the cause to the trial court.


THE CONTROVERSY



 Faires and Billman were married April 9, 1978. At that time, Faires owned as his
separate property eleven acres of land in Bastrop County. The couple established their residence
on this property and, during the marriage, made improvements to it. 

 A divorce decree signed May 21, 1987, dissolved the parties' marriage. The
decree awarded Faires the eleven-acre tract as his sole and separate property. In addition, the
decree required that Faires pay Billman within thirty days the sum of $32,000, an obligation the
decree secured by a lien fixed upon the eleven-acre tract. 

 Faires failed to pay his debt to Billman. Eventually, he filed a petition under
Chapter 7 of the Bankruptcy Code. On April 11, 1989, the $32,000 debt was discharged by order
of the bankruptcy court.

 Billman filed the present suit against Faires requesting foreclosure of the lien
established in the divorce decree. Both parties filed motions for summary judgment. The trial
court granted Billman's motion and ordered foreclosure of the lien on the eleven-acre tract.



DISCUSSION AND HOLDINGS



 In his second point of error, Faires complains the trial court erred in sustaining
Billman's motion for summary judgment. We believe Billman's motion for summary judgment
cannot be sustained because she did not establish as a matter of law that her lien was valid and
enforceable. It is immaterial that the trial court filed a finding of fact stating that the lien is
enforceable; summary judgment is proper only when the summary-judgment record establishes
as a matter of law that the movant is entitled to judgment. Anderson v. Snider, 808 S.W.2d 54,
55 (Tex. 1991). 

 Both in her petition and in her motion, Billman conceded the bankruptcy court
"discharged" the $32,000 debt. She was bound therefore to show as a matter of law that the lien
she was attempting to foreclose survived the bankruptcy proceeding. The record does not show
as much.

 In bankruptcy, a discharge acts as an injunction to prevent a creditor from
instituting or continuing an action to collect on the debt. It relieves the debtor from personal
liability on the debt. In re Hagemann, 86 B.R. 125, 126 (Bkrtcy.N.D. Ohio 1988). It does not,
however, prevent a creditor from obtaining satisfaction of the debt by an action in rem. For
example, a discharge does not preclude the creditor's enforcement of a lien that is not void and
that has not been avoided. Id. 

 A lien is void to the extent it secures a claim against the debtor that is not an
allowed secured claim. 11 U.S.C. § 506 (1978). In addition, certain provisions of the
Bankruptcy Code allow a debtor to avoid, or to set aside, particular liens. For example, section
544(a) gives the trustee in bankruptcy the rights and powers of certain hypothetical parties,
enabling the trustee to set aside any transaction which these parties could avoid under state law,
whether or not the parties actually exist. Consequently, an unperfected lien, for example, may
be avoided. 

 It is further provided in section 522(f)(1) that a debtor may avoid a judicial lien "to
the extent that such lien impairs an exemption to which the debtor would have been entitled"
under the Code -- a judicial lien against the homestead, for example. Until recently, there was a
split of authority as to whether liens arising from divorce proceedings could be avoided under this
section. See In re Sanderfoot, 899 F.2d 598, 600 (7th Cir. 1990). 

 The United States Supreme Court dealt with the conflict in Farrey v. Sanderfoot,
111 S.Ct. 1825 (1991). In that Wisconsin case, the parties owned a home and the surrounding
real estate as marital property. The couple held title in joint tenancy, with each spouse possessing
a one-half undivided interest. Upon divorce, the husband received title to the dwelling and all the
real estate. In addition, the court ordered him to pay his former wife the sum of $29,208.44 in
order to equalize the division of the estate. The divorce decree secured the obligation by fixing
a lien against the husband's real property. Before payment was made, the husband filed for
bankruptcy and attempted to avoid the lien pursuant to section 522(f)(1).

 In Farrey, the Supreme Court held that a debtor may avoid a lien under section
522(f)(1) only if he possessed the interest at some point before the lien attached to that interest. 
Id. at 1829. Whether he possessed the interest before the lien attached is a question to be
determined by state law. Id. at 1830. Under Wisconsin law, the divorce decree in Farrey
extinguished the joint tenancy and created two new interests: for the husband, a fee simple in the
home and real estate; for the wife, a debt secured by a lien. The lien did not attach to the
husband's pre-existing interest because that interest was extinguished by the divorce decree. The
lien attached instead to the husband's fee simple that was created in the same instrument that
created the wife's lien. The court held that since the lien did not attach to a pre-existing interest,
the husband could not avoid the lien under section 522(f)(1). Id. at 1831.

 In In re Finch, 130 B.R. 753 (S.D.Tex. 1991), the federal district court relied on
Farrey v. Sanderfoot to hold that a debtor could not use section 522(f)(1) to avoid a lien granted
to his former spouse in a previous divorce proceeding. In Finch, the divorce decree awarded a
part of the community real property to the husband as his sole and separate property; and, in order
to obtain a just division, granted the wife a $70,000 judgment secured by an equitable lien against
the real property. The court reasoned that under Texas law the divorce decree divested the
husband of his previous undivided community-property interest and vested in him a resulting fee
simple estate. Thus, the lien did not attach to a pre-existing interest and could not be avoided. 
Id. at 757.

 Although instructive, these two decisions are nevertheless distinguishable from the
present case because both involved community property. The present dispute, on the other
hand,involves a lien against property owned and held by Faires as separate property during the
marriage. The divorce decree did not divest Faires of a pre-existing interest, but rather confirms
his separate property ownership of land he already held in fee simple. Although the bankruptcy
court could not rely on Farrey in this case, it nevertheless could have concluded that the lien was
not avoidable under section 522(f)(1) by relying on any other "survival theory" that courts employ
to preclude the avoidance of a lien arising out of a divorce proceeding. See In re Rittenhouse, 103
B.R. 250, 252 (D.Kan. 1989). Since the summary-judgment record in our case does not reflect
what transpired in the bankruptcy proceeding regarding the lien, Billman has not established as
a matter of law that she possesses a valid lien susceptible of enforcement. She therefore is not
entitled to a judgment as a matter of law. See Anderson, 808 S.W.2d at 55.

 We believe Billman's motion for summary judgment cannot be sustained for an
additional reason -- the opposing affidavits show a dispute concerning a material fact. Summary
judgment may not be granted in the face of such an issue of fact. Gonzales County Sav. & Loan
Ass'n v. Freeman, 534 S.W.2d 903, 905 (Tex. 1976). Thus, even if Billman had shown that her
lien survived the bankruptcy, as a matter of law, the disputed fact issue precluded summary
judgment. 

 In her affidavit in support of her motion for summary judgment, Billman argues
the $32,000 obligation represents the value of her share of the community's right of
reimbursement for improvements made to Faires's separate property with community funds. 
Faires contends in his affidavit, however, that the debt represents a loan from Billman to Faires
given so that Faires could pay his creditors. This disputed fact is material because the nature of
the debt determines whether the lien is enforceable against a homestead, if it is enforceable at all. 
 

 In a divorce proceeding, a trial court may affix a lien to one spouse's separate
property in order to secure the other spouse's share of the community's right of reimbursement
for improvements to the property made with community funds. Heggen v. Pemelton, 836 S.W.2d
145, 147 (Tex. 1992). The Texas Constitution, however, exempts homesteads from forced sale,
providing exceptions only for liens that secure debts for purchase money, taxes due on the
homestead, and work and materials used in home improvements. Tex. Const. art. XVI, § 50. 
The last exception is limited to situations in which both spouses have consented to the transaction
and the work and material are contracted for in writing. Id. Moreover, liens that do not fall
within these exceptions are not valid, even if created by the owner together with his spouse. Id. 
In a recent decision, the Supreme Court of Texas held that a trial court may affix a lien to a
spouse's separate-property homestead to secure a reimbursement claim provided the claim falls
within one of these limited exceptions. See Heggen v. Pemelton, 836 S.W.2d at 147-48.

 In this case, Billman concedes the lien was placed on Faires's separate property and
the property remained his homestead after the divorce. In light of the supreme court's decision
in Heggen, Billman must show that the $32,000 debt represents a reimbursement claim that falls
within the limited exceptions provided and complies with the formalities required in the Texas
Constitution. Since there was a threshold dispute as to the nature of the debt, as indicated above,
summary judgment was not justified. See Gonzales Sav. & Loan Ass'n v. Freeman, 534 S.W.2d
at 905.

 We sustain Faires's second point of error for the reasons given, reverse the
judgment, and remand the cause to the trial court.


 John
Powers, Justice

[Before Justices Powers, Aboussie and Smith]

Reversed and Remanded

Filed: March 10, 1993

[Publish]