United States Court of Appeals,

Fifth Circuit.

No. 93-8063

Summary Calendar.

In the Matter of Samuel Ray PARRISH, Debtor.

Sharman Rae McVAY, Appellant,

v.

Samuel Ray PARRISH, Appellee.

Nov. 15, 1993.

Appeal from the United States District Court for the Western District of Texas.

Before KING, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:

The parties contest the avoidance in bankruptcy of an equitable lien imposed by a Texas divorce decree. We agree with the courts below that the lien is avoidable as a judgment lien under 11 U.S.C. § 522(f).

Samuel Parrish and Sharman McVay married March 6, 1982. A year later Parrish inherited a 23.15 acre tract from his mother. The parties divorced on March 21, 1991. The divorce decree included a judgment in McVay's favor against Parrish for $76,500, representing half of the reimbursement to the community estate for improvements Parrish made to the land he inherited. This judgment was secured by an equitable lien against that land. Parrish filed for Chapter 7 bankruptcy relief on May 29, 1991. The bankruptcy court allowed Parrish to avoid the lien under 11 U.S.C. § 522(f)(1), 144 B.R. 349 and the district court affirmed.

Section 522(f)(1) allows a debtor to avoid the fixing of a judicial lien on property made exempt as a Texas homestead.[1] Its protection is limited in that a debtor cannot avoid a lien on an interest acquired after a lien attached. *Farrey v. Sanderfoot,* --- U.S. ----, 111 S.Ct. 1825, 114

---

[1]Parrish also contests the validity of the lien under Texas law. We assume for the purpose of applying § 522 that an enforceable lien existed, but we express no opinion as to the merits of Parrish's contention.

L.Ed.2d 337 (1991). *Farrey* involved a divorce decree that simultaneously ended a marital community and created a lien against one of the new separate property interests. The court reasoned that when a debtor simultaneously acquired a fee simple interest and a lien on that interest, there was no risk that the lien had been created by a creditor rushing to court in anticipation of bankruptcy. The policy behind section 522(f)(1) was not advanced by applying it under those circumstances. *Id.* --- U.S. at ---- - ----, 111 S.Ct. at 1830-31. *See also In re Finch,* 130 B.R. 753, 757 (S.D.Tex.1991) (reaching the same result under Texas community property law).

This case is distinguishable from *Farrey* and *Finch.* Parrish acquired the property through inheritance in 1983 as his separate property. From that point on it was his separate property, as Texas law fixes the character of property as of the time of inception of title. *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 140 (Tex.1977). Thus the decree did not create a new property interest for Parrish as did the decrees in *Farrey* and *Finch.* Since Parrish's interest existed before the divorce and continued unaltered afterwards, we find that the lien attaching to that property was avoidable under section 522.

AFFIRMED.