**In re Bonnie Ruth BRADFORD, Debtor.**

**Bankruptcy No. 93–48829–H3–7.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

March 29, 1994.

Warren Emmett Lee, George Chandler & Assoc., Baytown, TX, for debtor.

Emily A. Freedman, Houston, TX, for Emery Bradford.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

The application of Debtor, Bonnie Ruth Bradford, to avoid the judicial lien (Docket No. 7) of her former husband, Emery Bradford, pursuant to 11 U.S.C. § 522 was tried during the week of March 21, 1994. Trial was concluded March 25, 1994. Both parties appeared and were represented by counsel.

### Findings of Fact

After considering the pleadings, evidence, and arguments of counsel, the court makes the following Findings of Fact and Conclusions of Law and enters a separate Judgment in conjunction herewith. To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

The court finds that the lien in question arose as a result of a divorce decree entered on October 21, 1987, in the 310th Judicial District Court, Harris County, Texas.

The decree provides, *inter alia:*

IT IS FURTHER ORDERED AND DE-CREED that Petitioner is hereby awarded the premises described below, subject to an equitable lien in the amount of TWEN-TY THOUSAND AND NO/100THS ($20,-000.00) DOLLARS payable to EMERY BRADFORD, and subject to Petitioner's exclusive use and possession of the premises located and situated at 1801 West Humble, Baytown, Harris County, Texas, more particularly described as follows, to-wit:

Lot Twelve (12) in Block Four (4) of CENTRAL HEIGHTS ADDITION, an addition in the City of Baytown, Harris County, Texas, according to the map or plat thereof, duly recorded in the Map Records of Harris County, Texas.

until the youngest child reaches the age of eighteen (18) years or graduates from high school, or upon the death of both children, and further subject to the above-referenced TWENTY THOUSAND AND NO/100THS ($20,000.00) DOLLARS equitable lien in favor of EMERY BRADFORD, which shall be due and payable within sixty (60) days of the death of the last child, or the emancipation of the last child, or the graduation from high school of the youngest child, whichever occurs first. Upon the earliest occurrence of the above-described events, EMERY BRADFORD'S lien on said property shall be due and payable by Petitioner, BONNIE RUTH BRADFORD, within sixty (60) days. Should BONNIE RUTH BRADFORD fail to pay said TWENTY THOUSAND AND NO/100THS ($20,000.00) DOLLARS equitable lien to EMERY BRADFORD within said sixty (60) days, EMERY BRADFORD shall be entitled to an immediate writ of execution for sale or may make application to this Court for appointment of a Receiver to sale (sic) said premises to satisfy the TWENTY THOUSAND AND NO/100THS ($20,000.00) DOLLARS equitable lien which represents EMERY BRADFORD'S *community interest* in and to said premises. (emphasis added)

The uncontroverted testimony is that the subject property was purchased in the course of the marriage between Bonnie Bradford and Emery Bradford as the marital home. The testimony did not address the length of the marriage, nor any payment on the property by any monies other than community monies in the course of the marriage. Bonnie Bradford testified that she believed the deed was in her name, but her testimony was confused and uncertain on this subject. The deed was not produced. The court finds her testimony neither credible nor determinative on this question. The parties reached agreement in the divorce court. Both were represented by counsel. The property was treated in the divorce decree in a manner consistent with property that was community, and was to be used in the best interest of the children until they were eighteen (18).

92

Both children are now over the age of eighteen (18), and have been for over sixty (60) days.

The case is governed by *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). In that case, the debtor sought to avoid his ex-wife's lien against homestead formerly the marital residence. The divorce decree had granted a lien against the property as security for the debtor's obligation to pay her half the value of the property. The Court held that Debtor "took the interest and lien together, as if he had purchased an already encumbered estate from a third party." The Court also held that even if the divorce decree had left the Debtor's pre-existing interest in the property intact, and had merely added to it his ex-wife's interest in the marital residence, her lien would have attached not to his pre-existing interest but to hers, and the same result would be reached. The lien in the instant case is held to be one which Debtor took along with her interest at the time of the divorce, as if she had purchased an already encumbered estate. See also *In re Finch,* 130 B.R. 753 (S.D.T.X.1991).

Application to avoid judicial lien is denied.

*JUDGMENT*

Pursuant to the court's Findings of Fact and Conclusions of Law entered in conjunction herewith, it is

ORDERED that the Application to avoid judicial lien (Docket No. 7) filed by Bonnie Ruth Bradford is denied.