21-2899-cv
Jimenez v. Delta Airlines

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand twenty-three.

PRESENT: BARRINGTON D. PARKER,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

VICTOR JIMENEZ,

*Plaintiff-Appellant*,

v.                                                    No. 21-2899-cv

DELTA AIRLINES, INC.,

*Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:          David A. Berlin, Weisberg
                                  Law, Morton, PA; Scott A.
                                  Korenbaum, New York, NY

FOR DEFENDANT-APPELLEE:    Ira G. Rosentein, Morgan Lewis & Bockius LLP, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Victor Jimenez appeals from a November 1, 2021 judgment of the United States District Court for the Eastern District of New York (Kuntz, J.) denying Jimenez's discovery motions and granting Delta Airlines, Inc.'s motion for summary judgment as to Jimenez's claims of disparate treatment and retaliation in violation of 42 U.S.C. § 1981. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Jimenez worked as an aircraft maintenance technician for Delta at New York's LaGuardia Airport ("LGA") from June 28, 2010 until his termination on June 7, 2018. In January 2018 a Delta passenger reported a missing laptop, whose location was later tracked to the home of Dexta Fullwood, a Delta employee. On April 11, 2018, Fullwood told detectives from the Port Authority that Jimenez

2

had given him the laptop and asked him to unlock it. The detectives then interviewed Jimenez. According to the Port Authority's investigation summary, Jimenez denied all wrongdoing but "exhibited many non-verbal signs of dishonestly [sic] and verbal deflection." App'x 199. At the conclusion of his interview, Jimenez provided written statements to the Port Authority and his duty managers, Jose Matos and Damien Jagarnauth, stating, "I have never given nor lent Dexta Fullwood any electronic devices including any Macbook." App'x 206. The Port Authority closed the case pending further investigative leads and referred the matter to Delta Corporate Security. Fullwood resigned immediately because of his role in the missing laptop. The laptop was never recovered.

The next day, John Magnowski, Delta's station manager at LGA, called Jimenez into his office to discuss the Port Authority investigation. During the meeting, Magnowski allegedly said to Jimenez, "Dominicans are the usual suspects." App'x 406-07. Jimenez reported the comment to Delta's employee hotline.

On May 17, 2018, Magnowski and Eric Johnson, a Human Resources Manager at Delta, told Jimenez that he was "suspended effective immediately" while Delta further investigated the laptop theft. App'x 649. On June 5, 2018,

3

Magnowski called Jimenez and gave him 24 hours to resign in lieu of being fired. App'x 750. On June 7, 2018, Jimenez was fired. On August 21, 2018, Jim Brimberry, an Equal Opportunity Manager at Delta, denied Jimenez's appeal of his termination. Brimberry explained that Jimenez was terminated because he had "provided false and misleading information when [he] denied knowledge of or contact with [the] laptop," "failed to report a coworker whom [he] had knowledge of taking money from a passenger's purse that was left on an aircraft," and "received a Written Coaching letter on May 11, 2017 for misconduct." App'x 226-27.

In November 2018 Jimenez filed this action against Delta, alleging that, in terminating his employment, the company (1) discriminated against him on the basis of his "Dominican ethnicity and race" and (2) retaliated against him on account of his complaints about Magnowski's remark, in violation of 42 U.S.C. § 1981. Just prior to the close of fact discovery and Delta's motion for summary judgment, Jimenez filed two letter motions requesting, among other things, a discovery extension and enforcement of subpoenas against Magnowski and Matos, who had left Delta during the pendency of the litigation. The District

Court denied Jimenez's letter motions and granted Delta's motion for summary judgment.

**I.    Discovery Motions**

We affirm the District Court's denial of Jimenez's motions for discovery. "A district court abuses its discretion only when the discovery is so limited as to affect a party's substantial rights." In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008) (cleaned up).  Here, Delta produced Magnowski's and Matos's relevant e-mails and their notes of conversations with Jimenez.  Jimenez deposed Johnson and Brimberry, who testified about their communications with Magnowski and Matos in the course of their work on Jimenez's complaints and appeal to Delta.  Jimenez was therefore "afforded a meaningful opportunity to establish the facts necessary to support his claim[s]," and the District Court did not abuse its discretion when it denied Jimenez discovery-related relief that would have improved his chances of deposing Magnowski and Matos.  Id.

**II.    Claims Under § 1981**

We review de novo the District Court's grant of Delta's motion for summary judgment.  Garcia v. Hartford Police Dep't, 706 F.3d 120, 126–27 (2d Cir. 2013).  The burden-shifting evidentiary framework in McDonnell Douglas

Corp. v. Green, 411 U.S. 792 (1973), applies to claims of disparate treatment and retaliation brought under § 1981. See Littlejohn v. City of New York, 795 F.3d 297, 312, 315 (2d Cir. 2015). Even assuming Jimenez established prima facie cases of both disparate treatment and retaliation, we agree with the District Court that Jimenez failed to adduce "sufficient evidence to support a rational finding that the legitimate . . . reasons proffered by [Delta] were false." Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) (cleaned up); see also Hicks v. Baines, 593 F.3d 159, 164-65 (2d Cir. 2010).

It is well settled that in a discrimination case, "we are decidedly not interested in the truth of the allegations against plaintiff." McPherson v. New York City Dep't of Educ., 457 F.3d 211, 216 (2d Cir. 2006). Rather, "[w]e are interested in what motivated the employer," and "the factual validity of the underlying imputation against the employee is not at issue." Id. (quotation marks omitted). We therefore need only conclude that the undisputed evidence demonstrates that Delta was "[]sincere in [its] own belief" that its charges against Jimenez were true, and that it was in fact motivated by this belief when it terminated his employment. Ya-Chen Chen v. City Univ. of New York, 805 F.3d 59, 74 (2d Cir. 2015). Guided by these standards, we find that Jimenez has failed

6

to raise a genuine dispute about the falsity of Delta's motivations for terminating his employment.

To begin, Delta terminated Jimenez's employment after investigating his involvement in the laptop theft for weeks. Delta reviewed the Port Authority detectives' summary of their independent investigation, which stated that during the interview Jimenez "exhibited many non-verbal signs of dishonestly [sic] and verbal deflection" and "skirt[ed] around the question" of whether "he would pass a polygraph exam." App'x 199. Leading up to his termination and during his post-termination appeal, Delta also reviewed internal records confirming that Jimenez "was the only AMT assigned to the aircraft" from which the laptop was stolen, and concluded that "there is no evidence to support [Jimenez's] allegation that others gained access to the aircraft and took the laptop." App'x 226. Jimenez argues that his daily work schedule at Delta raises a genuine dispute as to whether Jimenez could have given Fullwood a stolen laptop at "around 8:15am," as Fullwood alleged to the Port Authority detectives. App'x 201. But aside from his general work schedule, Jimenez failed to adduce any admissible evidence suggesting that Delta's laptop-theft justification was pretextual. On this record, a reasonable jury could not conclude that Delta's reason for terminating

7

Jimenez for what it reasonably believed to be true about his role in the laptop theft was false.

For the same reason, Jimenez also failed to adduce any admissible evidence suggesting that Delta's other justifications for his termination were not the true reason for its decision. Jimenez contends that he told Matos about his co-worker's purse theft soon after he learned about it, but Delta understood through Johnson that, during his investigation, Jimenez admitted to him and Magnowski that he had not timely reported the theft because he did not want to "snitch" on a friend. App'x 214. Applying the standards described above, Delta was entitled to conclude that he had not timely reported the purse theft to a manager. And it is undisputed that Jimenez received a "write-up" in May 2017 when he "signed the job card that [a task] was accomplished, but did not complete the task." App'x 221.

As relevant to Jimenez's disparate treatment claim, we do not take lightly the fact that Magnowski is alleged to have delivered his discriminatory remark while discussing the laptop theft investigation that Delta cited as a central reason for Jimenez's termination. Cf. Sassaman v. Gamache, 566 F.3d 307, 314 (2d Cir. 2009) ("[T]he closer the remark's relation to the allegedly discriminatory

behavior, the more probative that remark will be." (cleaned up)).  But given Jimenez's failure to submit any admissible evidence suggesting that Delta's laptop-theft justification was false, his § 1981 claim of disparate treatment cannot survive summary judgment.  See Comcast Corp. v. Nat'l Assoc. of African American-Owned Media, 140 S. Ct. 1009, 1014-15 (2020) ("[Section] 1981 follows the general rule . . . [that] a plaintiff bears the burden of showing that race was a but-for cause of [his] injury." (emphasis added)).  We therefore affirm the District Court's grant of Delta's motion for summary judgment.

We have considered Jimenez's remaining arguments and conclude that they are without merit.  The judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
